Filed 8/14/15  P. v. Lyons CA1/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>CURTIS LAMAR LYONS,<br><br>    Defendant and Appellant. | A143928<br><br>(Solano County<br>Super. Ct. No. FCR293949) |

Defendant Curtis Lamar Lyons pled no contest to one count of possessing methamphetamine, for an agreed upon sentence of two years in prison.  He later petitioned the court to recall his sentence and resentence him to a misdemeanor conviction for possession of methamphetamine, pursuant to Penal Code section 1170.18, subdivision (a)[1], commonly known as Proposition 47, which was enacted after his sentence.[2]  The trial court granted the petition, resentenced defendant to a misdemeanor and ordered defendant to serve a year in jail with credit for time served, plus "parole for one year."  Defendant timely appealed from that order.  Defendant's court-appointed counsel has filed a brief seeking our independent review of the record, pursuant to *People*

---

[1]  All statutory references are to the Penal Code unless otherwise stated.

[2]  "On November 4, 2014, the voters enacted Proposition 47, 'the Safe Neighborhoods and Schools Act' (hereafter Proposition 47), which went into effect the next day.  (Cal. Const., art. II, § 10, subd. (a).)"  (*People v. Rivera* (2015) 233 Cal.App.4th 1085, 1089 (*Rivera*).)  Section 1170.18 "was enacted as part of Proposition 47."  (*Rivera*, at p. 1089.)

*v. Wende* (1979) 25 Cal.3d 436, to determine whether there are any arguable issues for review. Defendant has also been informed of his right to file supplemental briefing, and he has not done so. After our independent review of the record, we find no errors or other issues requiring further briefing, and we affirm.

DISCUSSION

Defendant was charged with felony possession of methamphetamine (Health & Saf. Code, § 11377), in addition to allegations of five prior convictions for which defendant had served prison terms (§ 667.5, subd. (b)).

According to the presentence report prepared by the Solano County Probation Office, a police officer drove by defendant as he was walking in Fairfield and saw defendant throw something in the street. Defendant was detained and stated that he was on parole, which was confirmed. The police department conducted a parole search and found two small clear plastic bags in defendant's wallet. The contents of one bag tested presumptively positive for methamphetamine. At the preliminary hearing, the arresting officer testified that, after laboratory testing, the substance in the bag was confirmed to be methamphetamine.

On December 12, 2012, Defendant pled no contest to the felony charge of possessing methamphetamine, pursuant to a negotiated disposition that included the understanding that he would be sentenced to two years in state prison and all of the allegations regarding his five prior convictions would be dismissed. Defendant signed a four-page document entitled "Waiver of Constitutional Rights and Declaration in Support of Defendant's Motion to Change Plea," which was also signed by his counsel, and accepted by the trial judge. At the change of plea hearing, the judge engaged in voir dire of defendant, and accepted his plea. The court found there was a factual basis for the plea, based on the preliminary hearing transcript.

Defendant was sentenced on January 2, 2013, in accordance with the plea agreement, to two years in prison. He was awarded 416 days in presentence credits.

2

On November 12, 2014, defendant filed a petition pursuant to newly enacted section 1170.18, subdivision (a) to have his felony sentence for possession of methamphetamine recalled and to be resentenced to the misdemeanor possession offense.

Defendant's petition was heard on December 2, 2014. The trial court determined that since defendant was still on parole, he was "currently serving [his] sentence" for purposes of section 1170.18, subdivision (a), rather than a person who had already "completed his or her sentence" pursuant to section 1170.18, subdivision (f). Defendant's counsel agreed.

The court concluded that defendant met the criteria set forth in section 1170.18, subdivision (b) for recalling and resentencing defendant. The court found that defendant would not pose an " 'unreasonable risk of danger to public safety' " within the meaning of section 1170.18, subdivision (c) if he were resentenced and released. The prosecution agreed.[3] The court then granted the petition and recalled the sentence, finding that the crime of conviction was now a misdemeanor, not a felony. Defendant was sentenced to 365 days in the county jail with credit for time served.

The court next considered whether to place defendant on parole. Section 1170.18, subdivision (d) states in relevant part: "A person who is resentenced pursuant to subdivision (b) shall be given credit for time served and shall be subject to parole for one year following completion of his or her sentence, unless the court, in its discretion, as part of its resentencing order, releases the person from parole."

The court recognized it had discretion whether to place defendant on parole, and gave counsel and defendant an opportunity to be heard on this issue.[4] Defense counsel

---

[3] For purposes of resentencing under this section, " 'unreasonable risk of danger to public safety' " is defined as "an unreasonable risk that the petitioner will commit a new violent felony with the meaning of clause (iv) of subparagraph (C) of paragraph (2) of subdivision (e) of Section 667." (§ 1170.18, subd. (c).)

[4] Referring to the parole issue, the trial court stated, "It requires that he be released on parole for a period of one year unless in my discretion I decide not to." It is clear in reading the entire hearing transcript that the trial court understood this was his decision to make.

acknowledged that "[o]bviously, the statute provides that the Court in its discretion can impose . . . a period of parole," but urged that the court not do so, in light of the fact that defendant had served more actual jail time than was possible as a misdemeanor, that he was also on post-release community supervision in another case, and that his "most recent issues with the law have all been substance abuse issues," not violent offenses. The district attorney asked the court to exercise its discretion to impose parole. Among other things, the district attorney stated that "given the drug abuse issues, I think that [defendant] still should be supervised. And he's currently serving a violation now. He still has a problem obeying all laws."

After hearing from counsel, the court imposed a one-year parole requirement, stating, "I know, Mr. Lyons, you're not happy with that, I'm looking through the file though, I see the multiple law violations even while on post-release community supervision, I think, it's in your interest actually to be on parole. It's also in the community's interest to have some supervision of you on this." [5]

Defendant then asked the court not to place him on parole, stating that he wasn't going to commit any more crimes and that "[t]he only thing I come back to jail for is petty things. Missing a meeting or something like that. But as far as committing crimes and being a danger to society, if you look at my record I have none of that."

The court acknowledged defendant's statement but said he was "not going to change [his] ruling."

This appeal followed.

We have reviewed the record on appeal and conclude that there are no meritorious issues to be argued. Defendant's petition for resentencing was filed pursuant to section 1170.18, subdivision (a). That section lists certain crimes for which a defendant may be eligible to be resentenced. Health and Safety Code section 11377 is one of the listed

---

[5] Apparently referring to another open case of defendant's, not the subject of this appeal, the trial court also stated, "I'll terminate his grant of post-release community supervision. He'll be released on that case subject to any other holds." Defense counsel and the district attorney agreed.

4

crimes. The trial court considered the factors set forth in section 1170.18, subdivision (b) and granted the petition, resentencing defendant to 365 days, with credit for time served. This was the relief defendant sought.

The trial judge understood that he had discretion under the resentencing statute to place defendant on parole for one year. (§ 1170.18, subd. (d).) The trial judge considered the arguments of both counsel at length. Defendant was represented by counsel at the hearing, who argued why the court should exercise its discretion to forego parole. Defendant himself had an opportunity to be heard. The trial judge acknowledged his argument, and set forth his reasons for exercising his discretion to impose the one-year parole term permitted by statute upon resentencing.

We conclude there are no arguable issues within the meaning of *People v. Wende*, *supra*, 25 Cal.3d 436. The order is affirmed.

_____
Miller, J.

We concur:

_____
Kline, P.J.

_____
Richman, J.

5